UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GUY ERDMAN,             )
                               )
            Plaintiff,         )       Case No. 1:07-cv-10
                               )
v.                             )       Honorable Robert Holmes Bell
                               )
JENNIFER GRANHOLM, et al.,     )
                               )       **MEMORANDUM OPINION**
            Defendants.        )
_____)

This is a civil rights action brought by a *pro se* plaintiff challenging the constitutionality of the Michigan DNA Profiling Act. Plaintiff, a former inmate of the Michigan Department of Corrections who has since been released from custody, brings suit against a number of state officials arising from the involuntary collection of his DNA pursuant to the Michigan statute. After conducting initial review of plaintiff's complaint pursuant to the Prison Litigation Reform Act, Magistrate Judge Joseph G. Scoville issued a report and recommendation analyzing and rejecting all of plaintiff's federal challenges to the DNA collection statute. The magistrate judge further recommended that plaintiff's state-law challenges be dismissed without prejudice under the pendent jurisdiction doctrine.

Plaintiff has filed a timely objection to the report and recommendation. This court affords *de novo* review to the recommendations of a magistrate judge on dispositive matters. FED. R. CIV. P. 72(b). Upon *de novo* review, the court finds that the magistrate judge's analysis of plaintiff's claim was correct and that plaintiff's objections lack merit.

Plaintiff first complains that his complaint is not subject to initial screening under the Prison Litigation Reform Act because he was not a prisoner at the time he filed suit. Plaintiff is incorrect. He sought and received leave to proceed *in forma pauperis*. One of the provisions of the Prison Litigation Reform Act, now codified in 28 U.S.C. § 1915(e)(2), requires that the court dismiss a case brought *in forma pauperis* if the court determines at any time that the action is frivolous, fails to state a claim upon which relief can be granted or seeks relief against an immune defendant. Consequently, even though plaintiff is not a prisoner, his case remains subject to review under section 1915(a)(2) because it is brought *in forma pauperis*.

Plaintiff further complains that the magistrate judge failed to note that subject-matter jurisdiction in this case is based upon diversity of citizenship. Plaintiff is correct in noting that the federal district courts have subject-matter jurisdiction in cases brought between parties of diverse citizenship in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. The presence of diversity in this case gives the court a second basis of subject-matter jurisdiction, in addition to federal-question jurisdiction, which is created by plaintiff's allegation of claims arising under the federal Constitution and laws. 28 U.S.C. § 1331. The existence of diversity jurisdiction, however, does not cure any of the substantive deficiencies in the merits of plaintiff's claims.

Plaintiff reiterates the substance of the federal challenges to the constitutionality of the Michigan DNA collection statute. The court has carefully reviewed the analysis of the magistrate judge and the authority cited in the report and recommendation, and independently finds that plaintiff has failed to state a claim upon which relief can be granted for violation of his rights under the

Fourth, Fifth, Sixth, or Fourteenth Amendments to the United States Constitution. The court further concurs that plaintiff has not stated a claim in his complaint under 42 U.S.C. §§ 1981, 1985, or 2000.

Finally, the magistrate judge recommended dismissal of plaintiff's state claims on two grounds. The first was on the basis of *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), under which the federal district courts lack authority to enjoin state officers on the basis of alleged violation of state law. The court concurs that *Halderman* would forbid relief on state-law grounds in the circumstances of this case. Plaintiff has not objected to the magistrate judge's recommendation in this regard, and the court therefore deems any such objection to be waived. The report and recommendation goes on to suggest that the court decline to exercise supplemental jurisdiction over the state-law claims. In light of the existence of diversity jurisdiction, this alternative ground for disposing of the state-law claims is not available in this case. The *Halderman* decision, however, provides ample authority for dismissal of the state-law claims without prejudice. Finally, the court notes that the nature of plaintiff's state-law claims remains nebulous.

The court will enter judgment overruling plaintiff's objections, dismissing his federal causes of action for failure to state a claim, and dismissing any state-law claim without prejudice.


Date:    March 7, 2007                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE